**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA SCHOOLEY AND ROBERT SCHOOLEY, EACH AN INDIVIDUAL,<br><br>       Plaintiffs,<br><br>   v.<br><br>COUNTRY INN SONORA; VINOD N. PATEL; AND NAYANA V. PATEL,<br><br>       Defendants. | 1:10-cv-2367 OWW SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>**Discovery Cut-Off: 4/30/12**<br><br>**Non-Dispositive Motion Filing Deadline: 4/30/12**<br><br>**Non-Dispositive Motion Hearing Date: 6/1/12 9:00 Ctrm. 7**<br><br>**Dispositive Motion Filing Deadline: 4/30/12**<br><br>**Dispositive Motion Hearing Date: 6/4/12 10:00 Ctrm. 3**<br><br>**Settlement Conference Date: 5/2/12 10:30 Ctrm. 7**<br><br>**Pre-Trial Conference Date: 7/9/12 11:00 Ctrm. 3**<br><br>**Trial Date: 8/21/12 9:00 Ctrm. 3 (JT-5 days)** |

I.   Date of Scheduling Conference.

     June 16, 2011.

II.  Appearances Of Counsel.

     Thomas E. Frankovich, Esq., appeared on behalf of Plaintiffs.

1

1  Corfee Stone and Associates by Zachary M. Best, Esq.,
2  appeared on behalf of Defendants.
3  III.  Summary of Pleadings.
4  1.  <u>Plaintiffs</u>:  Plaintiff Pamela Schooley and Plaintiff
5  Robert Schooley were vacationing in the Gold Country.  The
6  Country Inn Sonora is located at 18730 Highway 108, Jamestown,
7  California.  Plaintiff Pamela Schooley is blind.  She and her
8  husband Plaintiff Robert Schooley attempted to rent an accessible
9  guest room at the Country Inn Sonora.  Plaintiff Pamela Schooley
10 was accompanied by her certified guide dog, Hannah.  Defendants
11 refused to rent Plaintiffs a room because of their "No Dogs"
12 allowed policy.  Defendants refused to listen to Plaintiffs when
13 Plaintiffs attempted to explain that the law provides for guide
14 dogs.  Plaintiff Robert Schooley is a Plaintiff because under the
15 Americans with Disabilities Act ("ADA"), he was "associated" with
16 Plaintiff Pamela Schooley during the discrimination and was
17 personally affected.  Plaintiffs further encountered
18 architectural barriers at the Country Inn Sonora.
19 2.  <u>Defendants</u>:  Plaintiff parked and was able to get into
20 the hotel lobby.  Plaintiff asked for a regular room, not the pet
21 rooms that Defendant had for service animals.  Defendant had a
22 practice and policy of allowing pets/service animals.  Plaintiff
23 refused to accept the room.  Defendant designated a pet room due
24 to other patrons who could not stay in it because of allergies.
25 IV.  Orders Re Amendments To Pleadings.
26 1.  The parties do not anticipate amending the pleadings at
27 this time, however, they reserve the right to amend the
28 pleadings.

V.  Factual Summary.

    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.  The subject real property is the Country Inn Sonora located at 18730 Highway 108, Jamestown, California, County of Tuolumne.

        2.  Defendants Ninod N. Patel and Nayana V. Patel are owners of the facility.

        3.  The subject real property is a place of public accommodation and Defendants had a hotel room for pets.

        4.  The Plaintiff Pamela Schooley is sight impaired. Plaintiff Robert Schooley is able bodied.

    B.  Contested Facts.

    <u>Plaintiffs</u>

        1.  That Defendants refused to rent a room because of a guide dog.

        2.  That Defendants' dog policy was discriminatory.

        3.  That Plaintiffs encountered the following architectural barriers:

            a.  Lack of directional signage to show accessible routes of travel, i.e., entrances;

            b.  Lack of the requisite type and number of disabled parking stall(s);

            c.  Lack of disabled van accessible parking stall(s);

            d.  Lack of tow-a-way signage;

            e.  Lack of handicapped accessible guest room with two beds and bathroom within;

    f. Lack of the requisite number of accessible guest rooms by classification; and

    g. Lack of a policy and procedure for service animals.

**Defendants**

  1. Defendant has a policy of allowing pets, including service animals to stay at the hotel.

  2. Plaintiff refused to accept the room because many patrons without pets/service animals would not want to stay in a room where a service animal/pet had been because of allergies.

  3. Plaintiff never complained of any other alleged discriminatory barrier.

  4. Defendant had a service animal and pet policy. Just because it was called "pet" by the employee does not mean Defendant refused service animals in the designated room.

VI. Legal Issues.

 A. Uncontested.

  1. Jurisdiction exists under 28 U.S.C. § 1331. Jurisdiction is also invoked under the Americans with Disabilities Act, and 28 U.S.C. § 1367. Defendants maintain the action is more properly filed in State Court, however, Federal jurisdiction is conceded.

  2. Venue is proper under 28 U.S.C. § 1391.

  3. The substantive law of the State of California provides the rule of decision on supplemental claims.

 B. Contested.

 **Plaintiffs**

  1. Defendants had a discriminatory policy against the

blind and their guide dog(s).

    2.    Thereby violating both state and federal statutes.

    3.    That pursuant to the "Readily Achievable" Standard of the Americans with Disabilities Act and CFR, that the architectural barriers complained of should have been removed.

<u>Defendants</u>

    1.    Defendants maintain that this action should more properly be filed in State Court under the doctrine of comity per the California codes, including damages, injunctive relief, etc.

    2.    Plaintiffs have the burden of proving that she intended to use and enjoy the public accommodation as opposed to setting them up for a lawsuit to extort an early settlement.

    3.    Plaintiffs' alleged barriers are too expensive and constitute an undue burden to Defendants due to lack of income and money.

    4.    Plaintiff failed to avoid the consequence of her harm and/or mitigate her damages.

    5.    Plaintiffs bear the burden of showing "actual" injury pursuant to California law.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the

1  statement within a reasonable time of any change in the
2  information.
3  IX.   Discovery Plan and Cut-Off Date.
4      **Plaintiffs**
5      1.   Request fifty (50) interrogatories as the case involves
6  a multitude of architectural elements that did not comply with
7  ADAAG (i.e., lever hardware, percentage of slope, counter height,
8  door width, door pressure, path of travel and classification of
9  rooms, etc.).
10     2.   Deposition(s):  pursuant to Code.
11     3.   Production:  pursuant to Code.
12     **Defendants**
13     1.   Defendants request that Plaintiffs' interrogatories be
14 pursuant to Code as an expert does a site survey, identify ADA
15 matters that Plaintiff allegedly disputes.  Depositions, written
16 discovery and a site inspection of Plaintiffs' place of living to
17 see if it meets ADA code and/or Fair Housing Code to verify
18 Plaintiff's similar allegations against Defendants.
19     The Court adopts the following schedule for the case:
20     1.   The parties are ordered to complete all discovery on or
21 before April 30, 2012.
22     2.   The parties are directed to disclose all expert
23 witnesses, in writing, on or before February 29, 2012.  Any
24 rebuttal or supplemental expert disclosures will be made on or
25 before March 29, 2012.  The parties will comply with the
26 provisions of Federal Rule of Civil Procedure 26(a)(2) regarding
27 their expert designations.  Local Rule 16-240(a) notwithstanding,
28 the written designation of experts shall be made pursuant to F.

R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts shall be fully prepared to be examined on all subjects and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before April 30, 2012, and heard on June 1, 2012, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than April 30, 2012, and will be heard on June 4, 2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

///

XI.  Pre-Trial Conference Date.

    1.  July 9, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

    2.  The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.  Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court insists upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.  The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.  August 21, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  Three to five days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.  A Settlement Conference is scheduled for May 2, 2012, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  The parties will notify

8

Magistrate Judge Sandra M. Snyder's Courtroom Deputy when they are ready for an earlier Settlement Conference.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

9

        5.   The Confidential Settlement Conference Statement shall include the following:
             a.   A brief statement of the facts of the case.
             b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
             c.   A summary of the proceedings to date.
             d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.
             e.   The relief sought.
             f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.
    1.   Bifurcation will be addressed by motion.

XVI. Related Matters Pending.
    1.   There are no related matters.

XVII.    Compliance With Federal Procedure.
    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District

of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   June 16, 2011                     /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE